UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
DANIEL ROBBINS,                         )
                                        )
          Plaintiff,                    )
                                        )
v.                                      )          Civil No. 12-cv-10261-JLT
                                        )
PLYMOUTH PERSY'S PLACE, LLC,            )
                                        )
          Defendant.                    )
_____)

REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (DOC. NO. 16)

July 26, 2013

SOROKIN, C.M.J.

The defendant has moved for summary judgment in this negligence action arising from a slip-and-fall incident at its restaurant.  Doc. No. 16.  The plaintiff has opposed the motion, Doc. No. 55, which was referred to the undersigned for a Report and Recommendation, Doc. No. 54.  Upon consideration of the parties' submissions, as well as the arguments presented during a July 18, 2013 hearing on the motion, I recommend the defendant's motion be DENIED.

I.        BACKGROUND

On a rainy morning in November 2009, plaintiff Daniel Robbins and members of his family went to breakfast at Persy's Place in Plymouth, Massachusetts, a restaurant operated by the defendant.  Doc. No. 59 at ¶¶ 1, 3.  They parked in a lot behind the restaurant and entered via a rear door, which led to a short, curved, interior flight of stairs up to the main restaurant area.  Id. at ¶¶ 2, 5.  At the time of their arrival, the morning's rain had been sufficient to cause puddles to form throughout the parking lot.  Id. at ¶¶ 3-4.  About two hours after arriving, Robbins and

his family left the restaurant, with Robbins heading alone toward the same interior stairs and rear door through which they had arrived.  Id. at ¶ 14.  While descending the stairs, Robbins slipped and fell, injuring his right arm and leg.  Id. at ¶¶ 15-16.  According to Robbins, he fell when "his foot slipped as though on ice."  Id. at ¶ 16.  After falling, Robbins noticed his shirt sleeve and pants leg were wet where they had touched the stairs.  Id. at ¶ 21.  Robbins's wife arrived in the stairwell shortly after his fall, observed water on the stairs, and was told by an employee of the restaurant that "people had fallen there before."  Id. at ¶¶ 27, 29, 31.  These facts are undisputed.

In opposing summary judgment, the plaintiff has offered the following relevant evidence:

• An affidavit from Robbins stating there was no sign posted at the restaurant at the time of his accident warning customers the stairs were slippery when wet, Doc. No. 56-1 at ¶ 11;

• A transcript of the deposition of the corporate representative of the defendant, who stated "the entire inside of the restaurant was totally redone top to bottom in 2005," including the treads on the rear staircase, Doc. No. 56-2 at 14;[1]

• An affidavit from David A. Dodge, a "Certified Safety Professional and a Registered Professional Engineer" who inspected the staircase, reviewed relevant building code provisions existing at the time the restaurant was remodeled, and concluded the steps were "not sufficiently deep and create an unsafe condition," "especially when wet," Doc. No. 56-3;[2]

---

[1]Citations to ECF document numbers reference the page numbers appearing in the upper left corner as part of the ECF stamp.

[2]Although defense counsel suggested at the motion hearing that he believed Mr. Dodge was not qualified to offer the expert opinions contained in his affidavit, counsel conceded he has not sought to strike or otherwise challenge the affidavit in connection with the pending motion. As such, the Court may consider it as part of the summary judgment record.

- A transcript of the deposition of one of the restaurant's employees, who testified that: in addition to patrons entering from the rear parking lot, the staircase was used by employees taking dishes to and from the dishwashing area; a chalkboard sign was often placed near the rear stairs warning customers they were slippery when wet; and she was aware the stairs were slippery when wet and that another employee had fallen on them previously on more than one occasion, Doc. No. 56-4 at 8-9, 11-12;
- An affidavit from a former employee of the restaurant stating: the dishwashers were responsible for drying the stairs when they were wet; there was a sign often used to warn patrons the stairs were slippery when wet; he was aware of two other slip-and-fall incidents on the stairs; the rubberized coating on the stairs was known to be slippery when wet; and the manager had previously discussed applying non-slip grips to the front edges of the stairs, Doc. No. 56-5;
- A transcript of the deposition of a dishwasher at the restaurant, who stated a caution sign routinely was used near the steps when they had been mopped or when it was raining outside, Doc. No. 56-6 at 9;
- A transcript of the deposition of a former waitress at the restaurant, who: agreed she was aware before November 2009 that the stairs were slippery when wet; stated caution signs would often be placed there to warn customers, and employees would dry the stairs when it was raining outside; and admitted no caution sign was posted on the stairs on the day of the incident until after Robbins's fall, Doc. No. 56-7 at 14-15; and
- An affidavit from James P. O'Brien, a private detective who visited the restaurant on a rainy day a year after the incident, observed no warning signs on or near the rear stairs,

and noticed the stairs were "slightly wet" and "slippery" when he walked on them, Doc.

No. 56-8.

II.     DISCUSSION[3]

Under Massachusetts law, which the parties agree governs this dispute, a property owner

has "a duty to act as a reasonable person under all of the circumstances including the likelihood

of injury to others, the probable seriousness of such injuries, and the burden of reducing or

avoiding the risk." Papadopoulos v. Target Corp., 930 N.E.2d 142, 154 (Mass. 2010) (internal

quotations and citation omitted).  This duty is the same with respect to all hazards, including

those arising from weather-related conditions.  Id.  "If a property owner knows or reasonably

should know of a dangerous condition on its property, whether arising from an accumulation of

snow or ice, or rust on a railing, or a discarded banana peel, the property owner owes a duty to

lawful visitors to make reasonable efforts to protect [them] against the danger."  Id.; accord

Stapleton v. Target Corp., No. 11-cv-10378, 2011 WL 8198179, at *2 (D. Mass. July 11, 2011).

Taking the evidence in the light most favorable to Robbins, as required in considering the

defendant's motion, LeBlanc, 6 F.3d at 841, a reasonable jury could find the following facts:

•       Customers of the defendant's restaurant regularly came and went through the rear door

and used the staircase upon which Robbins fell, see Doc. No. 56-4 at 8, 15;

---

[3]Summary judgment is appropriate when "the movant shows that there is no genuine
dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.
R. Civ. P. 56(a).  The Court is "obliged to view the record in the light most favorable to the
nonmoving party, and to draw all reasonable inferences in the nonmoving party's favor."
LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993).  Summary judgment is rarely
appropriate in negligence cases where questions of reasonableness and foreseeability are
presented.  See Candelario Del Moral v. UBS Fin. Servs. Inc. of P.R., 699 F.3d 93, 100 (1st Cir.
2012).

- The defendant knew or should have known that the rear stairs were slippery when wet, based on the testimony and statements of current and former employees about their experience with the stairs, other falls, and reasonable precautions previously undertaken to warn customers about the stairs in wet weather see id. at 9, 11-12; Doc. No. 56-5; Doc. No. 56-6 at 9; Doc. No. 56-7 at 14-15;

- As measured by relevant provisions of the state building code, a portion of the stairs were unreasonably narrow, front to back, rendering the stairs unsafe and contributing to their slippery condition when wet, see Doc. No. 56-3;[4]

- The defendant knew or should have known that the rear stairs were wet at the time of the incident, given the rainy conditions that had persisted outside throughout the morning and the number of patrons using that entrance, see Doc. No. 59 at ¶¶ 3-4; and

- On the day in question, prior to the incident, the defendant took no precautions to warn patrons entering and exiting the restaurant that the stairs might be slippery, see Doc. No. 56-1 at ¶ 11; Doc. No. 56-7 at 14.

In light of these facts,[5] a jury could conclude: 1) that a reasonable property owner under the circumstances would take precautions in wet weather to warn customers using the stairs in light of the risk of falls and the nature of resulting injuries; and 2) that the defendant's failure to

---

[4]The defendant asserted for the first time at the motion hearing that the building code provisions cited by Robbins and his expert do not apply to the stairs at issue because they are "grandfathered" based on the age of the building.  Whether or not the stairs violate provisions of the building code, such provisions are probative of what parameters are considered safe for such staircases.

[5]Although some of these facts may be disputed by the defendant at trial, that is irrelevant to the resolution of the motion.

do so on the day in question, given the rainy conditions, was a breach of its duty of care to its patrons.  See Papadopoulos, 930 N.E.2d at 154.

One last point bears mention.  The defendant urges the Court to apply Wexler v. Stanetsky Mem'l Chapel of Brookline, Inc., 321 N.E.2d 686 (Mass. App. Ct. 1975), a case in which the Massachusetts Appeals Court rejected a claim of negligence advanced by a guest who slipped and fell on water that had accumulated in the entrance of a funeral home from falling snow outside.  The Appeals Court viewed Wexler as "a case in which the transitory conditions of the premises, due to normal use in wet weather, according to ordinary experience could not in reason have been prevented."  Id. at 687 (internal quotations, citation, and alteration omitted).  However, in Stapleton, where a customer had slipped and fallen on a wet tile floor inside a store on a rainy day, Judge Stearns distinguished Wexler both factually and legally.  2011 WL 8198179, at *2 n.2.  First, he noted the absence of evidence showing "precipitation of Biblical proportions" that would have rendered it impractical to keep the floor dry.  Id.  Second, he observed that "the Supreme Judicial Court [had] abandoned the 'natural accumulation of snow and ice' exception on which Wexler appears to have been based."  Id. (citing Papadopoulos).  The factual distinction Judge Stearns identified is equally applicable here, and his view of the state of Massachusetts law is likewise persuasive.  As such, to the extent Wexler retains any force after Papadopoulos, it does not compel a ruling in the defendant's favor.[6]

_____

[6]Undeterred by Stapleton and Papadopoulos, the defendant quotes extensively from Bolafka v. SPG Arsenal LP, 958 N.E.2d 535 (Mass. App. Ct. 2011), an unpublished decision in which the Appeals Court opined that Papadopoulous was "not so expansive" that it did away with Wexler's "transitory condition analysis."  As a preliminary matter, such "summary dispositions" represent only the views of the panel deciding the case and are not binding precedent, even in the Appeals Court.  See Mass. Appeals Court Rule 1:28.  Moreover, Bolafka is factually distinguishable, as there was no evidence the slippery condition in that case was

III.    <u>CONCLUSION</u>

Because genuine issues of material fact preclude entry of summary judgment, I respectfully recommend that the defendant's motion be DENIED, and that a trial be scheduled in this matter.[7]


   /s/ Leo T. Sorokin
Leo T. Sorokin
Chief U.S. Magistrate Judge

---

caused by a defect in the floor, or that the floor was prone to become slippery when wet.  There is such evidence here.  In any event, to the extent <u>Bolafka</u> and <u>Stapleton</u> are at odds, I find Judge Stearns's interpretation of <u>Papadopoulos</u> more persuasive.

[7]The Parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of receipt of this Report and Recommendation.  The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  <u>See</u> Fed. R. Civ. P. 72; 28 U.S.C. § 636(b).  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  <u>See</u> <u>Keating v. Sec'y of Health & Human Servs.</u>, 848 F.2d 271 (1st Cir. 1988); <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986); <u>Scott v. Schweiker</u>, 702 F.2d 13, 14 (1st Cir. 1983); <u>United States v. Vega</u>, 678 F.2d 376, 378-79 (1st Cir. 1982); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603 (1st Cir. 1980); <u>see also</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).